## SMALL *v.* COMMONWEALTH.

The official bond of an administrator *de bonis non, cum testamento annexo,* must state specifically the nature and character of his administration, and be in conformity therewith; and if the bond, in such cases, be merely in the prescribed form of ordinary administration bonds, neither the administrator, nor his sureties, are liable in an action thereon to recover a legacy.

IN error to the Court of Common Pleas of York county.

*May* 16. This was an action of debt brought on an administration bond, to recover a legacy, in which the Commonwealth, for the use of John Walck, a legatee under the will of Dietrick Walck, deceased, and defendant in error, was plaintiff, and Philip A. Small, a surety in the administration bond, and plaintiff in error, was defendant. The facts of the case, as if found by a special verdict, were submitted for the opinion of the court below, in a case stated, with leave to take a writ of error, and were in substance as follows:—

Dietrick Walck, in and by his last will and testament, which was duly proved and recorded on the 7th March, 1834, gave certain legacies to John Walck, the plaintiff below, and others, and appointed one Jacob Lehman his executor. Lehman, the executor, filed his administration account in the register's office of the county, on the 26th day of May, 1835, which was duly confirmed by the Orphans' Court. The account exhibited a balance of $973.88, in the hands of the executor and in favour of the estate. On the 4th of August, 1835, Lehman presented a petition to the Orphans' Court, setting forth, that he had settled *an account* of his administration of the testator's estate, which had been confirmed by the court, and prayed to be discharged from the further execution of the said trust. The court thereupon discharged him, and on the same day, *on motion* made to that effect, appointed Henry Y. Slaymaker administrator *de bonis non* of the estate of the said Dietrick Walck, deceased, on his giving bail in double the amount of the balance in favour of the estate as exhibited by the account of Lehman, the executor. On the 24th of August, 1835, Slaymaker, with Philip A. Small, the defendant below, and another as his sureties, executed and delivered a bond as administrator *de bonis non,* in the sum directed; whereupon, letters of administration were granted to the said Henry Y. Slaymaker, as administrator *de bonis non* of the said Dietrick Walck, deceased. The conditions of the bond, so far as they are material here, are as follows:—

I 2

"The condition of this obligation is such, that if the above bounden Henry Y. Slaymaker, administrator, *de bonis non*, of all and singular the goods, chattels, and credits of Dietrick Walck, late of the township, county, and state aforesaid, deceased, do make or cause to be made, a true and perfect inventory of all and singular the goods, chattels, and credits of the said deceased, which have or shall come to the hands, possession, or knowledge of him, the said Henry Y. Slaymaker, or into the hands and possession of any other person or persons for him, and the same so made, do exhibit or cause to be exhibited into the register's office, in the county of York, at or before the 24th day of September next ensuing; and the same goods, chattels, and credits, and all other the goods, chattels, and credits of the said deceased, at the time of his death, which at any time after shall come to the hands or possession of the said Henry Y. Slaymaker, or into the hands and possession of any other person or persons for him, do well and truly administer according to law, and further, do make or cause to be made a true and just account of his said administration, at or before the 24th day of August, in the year of our Lord 1836, and all the rest and residue of the said goods, chattels, and credits, which shall be found remaining upon the said administration account, and the same being first examined and allowed of by the Orphans' Court of the county of York, shall deliver and pay unto such person or persons, respectively, as the said Orphans' Court, by their decree or sentence, pursuant to the true intent and meaning of an act of Assembly relating to collateral inheritance, the law now in force in this commonwealth, shall limit and appoint. And if it shall hereafter appear, that any last will and testament was made by the said deceased, and the executor or executors therein named, do exhibit the same in the said register's office, making request to have it allowed and approved accordingly; if the said Henry Y. Slaymaker, the administrator *de bonis non*, above bounden, being thereunto required, do render and deliver the said letters of administration, approbation of such testament being first had and made in the register's office: then this obligation to be void and of no effect, or else to be and remain in full force and virtue."

On the 7th of November, 1843, the following decree, as appears from the case stated, was made by the Orphans' Court: "The account of Henry Y. Slaymaker, administrator *de bonis non* of the estate of Dietrick Walck, late of Windsor township, deceased, was presented, duly settled, and passed before the register of York county, exhibiting a balance in his hands of $1,802.12, which

account the court do hereby confirm *nisi*, and order that the same be filed and recorded." An auditor was appointed to make distribution of the balance in the hands of Henry Y. Slaymaker, administrator *de bonis non* of Dietrick Walck, deceased, to and amongst the legatees of the said decedent.

It appeared by the report of the auditor, which was confirmed by the court, that John Walck, the plaintiff, was entitled to the sum of $137.44½, as a legatee under the will of the decedent aforesaid; and to recover that sum this suit was brought upon the administration bond. The court (IRWIN, P. J.) gave judgment on the case stated, in favour of the plaintiff, for the sum in controversy. The defendant thereupon sued out this writ, and assigned the judgment of the court below, for error here.

*Evans* and *Mayer*, for plaintiff in error.—No administration with the will was granted in this case. No notice is taken in the proceedings in the Orphans' Court of the fact that there was one. The letters and the bond are in the ordinary form. No clerical error is suggested in the filling up. It is an ordinary administration. The question is, can a surety be liable on the bond to a legatee claiming under a will of the decedent?

There is no condition of the bond under which the legatee can recover. The condition to pay according to the decree of the Orphans' Court, pursuant to the law relating to collateral inheritance, and *the law* now in force in the commonwealth, is specific. *All* the laws of the commonwealth are not meant. The decrees of the court would be intended to be conformable to law, and the law of collateral inheritance would be embraced under the general phrase. *The law* referred to is the intestate law. The English bond names the statute of distribution in terms (Toller, 96). Our statute of 1794, relating to intestates, uses the phrase: "*pursuant to the true intent and meaning of this act.*" The codifiers tell us that they have borrowed the present form from the act of 1794: Report on Registers' Act, p. 34. The old act of 1705 is in similar terms to the act of 1794: 1 Dall. Law, App. 43. Instead of a condition to pay according to the will of the deceased, we have a condition not to pay at all, but to surrender the letters in case there be one. A surety cannot be held beyond the terms of his contract.

The Registers' Act of 1832, section 24, prescribes the ordinary form of the bond, and requires it to be varied to suit the circumstances of the case, and the 27th section renders the letters void,

and the register responsible when he does not do his duty in this respect. The plaintiff below is not without remedy. It is better to hold the register responsible under the law for his own negligence, than to strain the contract of the surety to screen the officer. The law recognises the difference between this bond and the one which the case required, and to disregard the distinction is to disregard the law. It cannot be held that it makes no difference what sort of bond is given in any case, and *any* bond is good for *every* purpose. There should have been a reference to the will, such as was made in the bond in Ziegler *v.* Sprenkle, 7 W. & S. 179; and a clause to surrender the letters if any *later* will were discovered. The very point was decided against the legatee in Fulcher *v.* The Commonwealth, 3 J. J. Marsh. R. 592.

*Campbell,* contrà.—The form of the condition of the bond is given in the 24th section of the act of 1832, relating to registers and registers' courts: McKinn. Dig. 762; but so far from saying it shall be in that and no other form, or declaring the bond to be void for a variance from that form, it directs the form to be modified to suit circumstances.

It is only when the statute prescribes the form of the bond, and declares it void for a departure, that a variance renders the bond void: United States *v.* Brown, Gilpin's Rep. 179; Shunk *v.* Miller, 5 Barr, 253.

The conditions are severable. If there are any which are unmeaning or not binding, they can be rejected as surplusage: Armstrong *v.* The United States, 1 Pet. C. C. Rep. 47; Shunk *v.* Miller, as above.

The conditions "well and truly to administer according to law," and to "deliver and pay unto such person or persons respectively as the Orphans' Court, by their sentence and decree, shall limit and appoint," are independent of the other conditions, and easily separated from them. It is for a breach of these conditions that this suit is brought.

The proper construction of the 27th section of the act of 1832 is, that the letters granted by the register shall be void, where there is no bond. It does not contemplate the case where there is a bond variant from the statute; but if it did, it does not declare the *bond,* but the *letters,* to be void.

If even the letters were void, and the administrator was only an executor *de son tort,* the bond would bind him and his sureties, as a voluntary bond: Ziegler *v.* Sprenkle, 7 W. & S. 178.

Bonds of this character are taken by officers who are not law-

yers, and for the security of the helpless; and it is a settled principle that they are not to be criticised too nicely, to defeat the purposes for which they are given.

"A judgment, and nothing more, will authorize an action against the surety on the bond:" per Rogers, J., Commonwealth *v.* Wenrick, 8 Watts, 161. The only object is to ascertain that there are assets. For this purpose a judgment is sufficient: Commonwealth *v.* Wenrick; Meyers *v.* Fretz, 4 Barr, 347; Commonwealth *v.* Forney, 3 W. & S. 353.

Here the decree of the Orphans' Court not only ascertains that there are assets, but the amount of each heir's share. This decree has also all the properties of a judgment. A *fieri facias* and *venditioni exponas* can issue on it: McKinn. Dig. 687; Pamph. Laws, 1846, 430. The administrator is personally fixed, and he is liable, *de bonis propriis*, and that is all that is necessary.

*May* 18.    ROGERS, J.—This suit is brought to recover a legacy on an administration bond, given by an administrator *de bonis non cum testamento annexo*. The plaintiff, the legatee, gave in evidence an administration bond as in case of intestacy, for the conditions are in all respects the same as in an ordinary bond given by an administrator. This precise point is ruled in Fulcher *v.* The Commonwealth for the use of Beale, 3 J. J. Marshall, 592. In that case it is decided, that if an administrator with the will annexed, has not entered into such bond as his character required, but executes a bond with such conditions as are required in ordinary administration bonds, he and his sureties are not liable on such bond for a legacy. The case is identical with the present; and it is difficult to understand how the decree could have been otherwise. But it is said the bond is not void, but may be enforced as a voluntary bond. And this may be true; but yet it does not vary the question, because still the objection remains, that no one condition of the bond embraces the case of a legacy, and the parties can only be liable for breach of its conditions. Indeed, the bond is executed on the supposition that there is no will; for it is part of the conditions of the bond, if any will is thereafter discovered and proved in the register's office, the administrator being thereto required, shall deliver up the letters of administration. It is one thing for sureties to enter into an administration bond, *cum testamento annexo*, another and quite a different thing to bind themselves in a bond as in case of an intestacy.

Judgment reversed, and judgment for the defendant.